**EASTMAN v OHIO MUTUAL SAVINGS & LOAN CO et**

Ohio Appeals, 8th Dist, Cuyahoga Co

Nos 14660 & 14661. Decided Sept 16, 1935

Baker, Hostetler, Sidlo & Patterson, Cleveland, and Henry Brainard, Cleveland, for plaintiff.

Locher, Green & Woods, Cleveland, Amicus Curiae.

M. B. and H. H. Johnson, Cleveland, for defendant, The Ohio Mutual Savings and Loan Company.

McKeehan, Merrick, Arter & Stewart, Cleveland, for Defendants, Standard Accident Insurance Company and Fidelity and Deposit Company of Maryland.

508

## OPINION

By LIEGHLEY, PJ.

At the outset it should be noted that said money was deposited in an interest bearing account by express agreement. Nowhere does it appear that there was any thought that the moneys should be segregated or that the Loan Company should not have full use of the funds. True it is that as a result of negotiations the depositor and the Loan Company entered into an agreement by the terms of which said deposit should be secured at all times, and to this end the Board of Directors passed a resolution authorizing the receipt of the deposit and providing for the security. As stated, real estate mortgages were pledged for a time and thereafter bonds of the defendant Surety Companies were substituted.

Without undertaking a long recital of details attendant upon the initial deposit and contemporaneous or subsequent activities in respect thereto relating to the security on the part of both the depositor and the Loan Company, we consider that the controlling facts in this case are on a parallel with the controlling facts in the Busher case. Such distinguishing facts as there are, are principally those which had to do with the procuring, receiving and maintaining the security, and these facts do not weigh in deciding the character of the deposit.

Busher, Clerk v Fulton, 125 Oh St 485.

Fulton v Paper Company, 129 Oh St 90.

State ex Fulton, Supt. v Main, Sheriff, 128 Oh St, page 457.

It seems to be claimed on behalf of plaintiff that these funds on deposit constitute a trust fund. Although the depositor signed an agreement to be bound by the rules and regulations and had due notice of such rules, particularly Rule 3, it is denied that he was or is bound thereby. It is our opinion that under the facts of this case said deposit was received as and remained a general deposit under the rules and regulations. It was not unlawful for the depositor to deposit these funds on authority of the Busher case, supra.

And having signed the agreement to be bound thereby and it not being unlawful to deposit said funds, the depositor thereof can insist upon payment only in accordance with the terms and conditions of said Rule 3. No default under the rules and regulations has been urged in the refusal to meet the demand of plaintiff.

Frederick v Building and Investment Company, 128 Oh St 474.

Trust Company v Rowe, 122 Oh St 1, Syl. 2.

Therefore, it is our conclusion that plaintiff is not entitled to a preference or a preferred claim for the amount of this deposit. The plaintiff is in our opinion a general depositor on a par with all other depositors. His contract fails to meet the requirements of a special deposit under the above authorities.

When notice of intention of withdrawal is given, or regarding the demand for payment made in February 1932 as such notice, the plaintiff will be or is entitled to a strict compliance with Rule 3 by said Loan Company.

It has not been contended that the Loan Company has failed to conform to said rule. On the other hand the plaintiff has contended that this is a special deposit and not subject to the rules and regulations. Not being able to agree with the contentions of plaintiff in these respects it is nevertheless contended that by reason of said demand upon said Loan Company and notice thereof to the defendant Surety Companies in February 1932, the Surety Companies became thereby obligated to pay to plaintiff the amount of said deposit on the theory that the conditions of their bonds compel payment notwithstanding a holding that the Loan Company had then a legal right to refuse to comply with the demand.

The condition in each bond is quoted above. The question is whether or not there has been a failure to pay "according to law."

It is our conclusion, as stated, that the deposit was lawful; that it constitutes a general deposit and not special; that it does not have the attributes of a trust fund claimed for it herein; that it is an interest bearing account unrestricted in the uses to which the depositary may put same in the proper conduct of its business, and at no time was there any agreement that the funds should be segregated. There was no notice of intention to withdraw served on the Loan Company prior to the demand for payment. There has been no default on the part of the Loan Company to pay under the rules and regulations agreed to by the depositor. In what way it can be claimed that there has been a failure to pay according to law under the facts of this case has not persuasively appeared.

Under the facts of this case as we view them, whenever plaintiff gives the sixty day notice of intention of withdrawal, or if the demand of February, 1932 be treated as such notice, then payment was due upon the expiration thereof and payable in the order in which such notice was filed as soon as one-half of the regular receipts will pay. There is no default on the part of either defendant until it is shown that there has been a failure in this respect so long as this Loan Company continues as a going concern strictly observing its rules. When the sixty day notice expired and the deposit became due and the Loan Company failed to pay, doubtless the Surety Companies then became potentially liable but their liability was not payable until, as and to the extent that the Loan Company defaulted in performance of the terms of its contract with plaintiff. If insolvency and liquidation had ensued, probably a different situation would be presented.

It is our conclusion that the obligations of these Surety Companies are co-extensive with the obligation of the Loan Company. Until the Loan Company has defaulted or failed to pay in strict accordance with its rules and regulations as by its contract with this depositor it agreed to pay, these Surety Companies are not required to respond. Under the condition of each of these bonds said Surety Companies are not insurers obligated to pay until there has been a default or failure to pay according to law on the part of the principal.

Holding that these cases are appealable—with which holding all counsel seem to agree,—a decree for defendants is entered in each case and exceptions noted. The petitions in the error cases are dismissed at costs of plaintiff in error with exceptions.

TERRELL, J, concurs in judgment.
LEVINE, J, dissents.

JUDGE LEVINE CONCURS IN THE JUDGMENT FOR THE STANDARD ACCIDENT INSURANCE COMPANY AND DISSENTS FROM THE JUDGMENT FOR THE OHIO MUTUAL SAVINGS AND LOAN COMPANY.

## DISSENTING OPINION

By LEVINE, J.

I concur in the judgment for the Standard Accident Insurance Company and dissent from the judgment for The Ohio Mutual Savings and Loan Company. My reasons are these:

In so far as concerns the litigation against The Ohio Mutual Savings and Loan Company, I am of the opinion that, since the money came into the hands of the late Judge Addams in his capacity as judge of the Juvenile Court, and it being the amount

awarded by a jury in said court in favor of Viola M. Nichols in an appropriation proceedings, this fund unquestionably created a special trust in the hands of the late Judge Addams. He did not possess the usual powers of a trustee. There was no authority in him to make any use of the money even for the benefit of Viola M. Nichols. He was in fact only a custodian of the funds. Granting for the sake of argument that the late Judge Addams was under the circumstances within the scope of his authority to deposit the money with The Ohio Mutual Savings and Loan Company, he could not, in my opinion, under the law consent that said deposit is to be subject to the by-laws, rules and regulations of the Loan Company. While it is true that at the time the deposit was made by Judge Addams he signed his signature card and agreement to be bound by the by-laws, rules and regulations of the Loan Company and received a pass-book containing printed copies of said rules and regulations, yet it must be borne in mind that the Loan Company knew of the character of the funds and of the capacity of Judge Addams with reference thereto. This restraint placed upon the deposit that the same is to be subject to the by-laws, rules and regulations of the Loan Company is, in my opinion, of no effect whatsoever, as both parties to the arrangement under which the deposit was made are charged with knowledge that such restraint upon the withdrawal of the fund cannot authoritatively or legally be made. This provision, therefore, found upon the signature card and in the pass-book is, in my opinion, of no effect whatsoever. The money came into the hands of the Loan Company with full knowledge on its part as to the character of the fund, and it follows as a matter of law that the Loan Company was bound to return the fund upon demand. The judgment of this court should, therefore, be for the plaintiff as against the Loan Company.

The Standard Accident Insurance Company, the surety in this case, did not receive any part of the funds. It was not a party to the agreement between the late Judge Addams and the Loan Company. Its obligation must be measured by the terms of its own contract of suretyship and cannot be enlarged upon. The Surety Company made its contract with a view to the existing arrangement made between the late Judge Addams and the Loan Company. It undertook and promised to pay if there be default upon the part of the Loan Company under the express arrangement made between it and Judge Addams. It made no other promise. It bound itself to no other agreement. The Surety Company was not legally bound to examine into the legality of the arrangement between Judge Addams and the Loan Company. It made its promise with a view to the express contract existing by and between the parties. Its obligation under its contract of suretyship only arose if there be default on the part of the Loan Company under the existing arrangements and agreements made between it and Judge Addams. Admittedly under said arrangement the default has not as yet occurred. The fact that the agreement between the parties when the deposit was made stated that the same is made subject to the by-laws, rules and regulations of the Loan Company, must be read as between the parties to said agreement as a deposit to be paid on demand, and that the limitation and restraint upon withdrawal as found in the by-laws, rules and regulations of the Loan Company must be disregarded as between these parties does not enlarge the obligation of the Surety Company. It made its own contract. It promised to pay only if the Loan Company wrongfully fails to pay under its by-laws rules and regulations. It did not promise to pay if there is a failure to pay upon the part of the Loan Company upon demand. I, therefore, concur in the judgment in favor of the Suretyship Company.